Filing # 39972551 E-Filed 04/07/2016 11:33:38 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

MAURICE ETHRIDGE,

    Plaintiff,

v.       Case No. 2016-CA-000816-O

NEW BERN TRANSPORT CORPORATION

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF NEW BERN TRANSPORT CORPORATION

Defendant New Bern Transport Corporation ("Defendant" or "New Bern"), by and through its undersigned attorneys, hereby files its Answer and Defenses to Plaintiff Maurice Ethridge's ("Plaintiff") Complaint as follows:

### STATEMENT OF THE CLAIM

1. In response to Paragraph No. 1 of Plaintiff's Complaint, Defendant denies that it or its agents committed any unlawful practices, including a violation of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. 760 *et seq.*, denies that Plaintiff was subjected to any disparate treatment based on any protected category or any retaliation and denies that Plaintiff is entitled to any recovery.

### PARTIES

2. In response to Paragraph No. 2 of Plaintiff's Complaint, Defendant denies that Plaintiff was ever employed with Pepsico, Inc. Defendant admits that Plaintiff was employed by Defendant New Bern for a period of time. Defendant is without sufficient information or belief regarding the remaining allegations of Paragraph No. 2 to either admit or deny the allegations contained therein, and on that basis denies those allegations.

3. In response to Paragraph No. 3 of Plaintiff's Complaint, Defendant admits only that it is an employer within the meaning of the FCRA and employed Plaintiff in Orange County Florida for a period of time, but denies all remaining allegations of Paragraph No. 3.

## JURISDICTION AND VENUE

4. In response to Paragraph No. 4 of Plaintiff's Complaint, Defendant denies that it or its agents committed any unlawful practices, including a violation of the FCRA, and denies that Plaintiff is entitled to any recovery. Defendant is without sufficient information or belief regarding Plaintiff's residence to either admit or deny those allegations, and on that basis denies those allegations. Defendant otherwise denies all remaining allegations of Paragraph 4.

## ADMINISTRATIVE PREREQUISITES

5. In response to Paragraph No. 5 of Plaintiff's Complaint, Defendant admits only that Plaintiff filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), which he requested to be dual filed with the Florida Commission on Human Relations ("FCHR"), and the Charges speak for themselves. Defendant denies all remaining allegations of Paragraph No. 5.

6. In response to Paragraph No. 6 of Plaintiff's Complaint, Defendant is without sufficient information or belief regarding the allegations to either admit or deny the allegations contained therein, and on that basis denies those allegations.

7. In response to Paragraph No. 7 of Plaintiff's Complaint, Defendant is without sufficient information or belief regarding the allegations to either admit or deny the allegations contained therein, and on that basis denies those allegations.

- 3 -

8. In response to Paragraph No. 8 of Plaintiff's Complaint, Defendant denies that it or its agents committed any unlawful practices, including a violation of FCRA, and denies that Plaintiff is entitled to any recovery. Defendant is without sufficient information or belief regarding the allegations to either admit or deny the allegations contained therein, and on that basis denies those allegations.

## FACTUAL ALLEGATIONS

9. In response to Paragraph No. 9 of Plaintiff's Complaint, Defendant admits that employed Plaintiff on or about January 3, 2006, as a Delivery Driver. Defendant denies all remaining allegations of Paragraph No. 9.

10. In response to Paragraph No. 10 of Plaintiff's Complaint, Defendant admits that long-haul drivers are paid partially in relation to the number of miles they drive per day. Defendant further admits that an employee's seniority within the Pepsi Beverages Company may be considered in awarding available, open positions. Defendant denies the remaining allegations of Paragraph No. 10.

11. In response to Paragraph No. 11 of Plaintiff's Complaint, Defendant denies all allegations.

12. In response to Paragraph No. 12 of Plaintiff's Complaint, Defendant denies all allegations.

13. In response to Paragraph No. 13 of Plaintiff's Complaint, Defendant admits that Plaintiff used the SpeakUp Hotline to report complaints in 2014. Defendant denies that Pepsi Beverages Company did not follow up with Plaintiff regarding his concerns and denies all remaining allegations contained within Paragraph No. 13.

14. In response to Paragraph No. 14 of Plaintiff's Complaint, Defendant admits only that Plaintiff filed a charge of discrimination with the EEOC and the Charge speaks for itself. Defendant denies all remaining allegations of Paragraph No. 14.

15. In response to Paragraph No. 15 of Plaintiff's Complaint, Defendant admits that Plaintiff was terminated on June 12, 2015, for violation of Pepsi Beverages Company's attendance policy after accumulating excessive points on a progressive system. Defendant denies all remaining allegations of Paragraph No. 15.

16. In response to Paragraph No. 16 of Plaintiff's Complaint, Defendant admits only that Plaintiff filed a charge of retaliation with the EEOC and the Charge speaks for itself. Defendant denies all remaining allegations of Paragraph No. 16.

## COUNT I: DISPARATE TREATMENT BASED UPON RACE IN VIOLATION OF CHAPTER 760 OF THE FLORIDA STATUTES

17. In response to Paragraph No. 17 of Plaintiff's Complaint, Defendant admits that to the best of its knowledge, Plaintiff identified as an African American.

18. In response to Paragraph No. 18 of Plaintiff's Complaint, Defendant denies all allegations.

19. In response to Paragraph No. 19 of Plaintiff's Complaint, Defendant admits that long-haul drivers are paid partially in relation to the number of miles they drive per day. Defendant further admits that Plaintiff was terminated for violation of Pepsi Beverages Company's attendance policy after accumulating excessive points on a progressive system. Defendant denies all remaining allegations of Paragraph No. 19.

20. In response to Paragraph No. 20 of Plaintiff's Complaint, Defendant admits that long-haul drivers are paid partially in relation to the number of miles they drive per day. Defendant denies all remaining allegations of Paragraph No. 20.

## COUNT II: RETALIATION BASED UPON PARTICIPATION IN A STATUTORILY PROTECTED ACTIVITY IN VIOLATION OF CHAPTER 760 OF THE FLORIDA STATUTES DAMAGES

21. In response to Paragraph No. 21 of Plaintiff's Complaint, Defendant admits that Plaintiff used the SpeakUp Hotline to report complaints in 2014. Defendant further admits that Plaintiff filed a charge of retaliation with the EEOC and that the Charge speaks for itself. Defendant denies all remaining allegations of Paragraph No. 21.

22. In response to Paragraph No. 22 of Plaintiff's Complaint, Defendant admits only that Plaintiff was terminated on June 12, 2015, for violation of Pepsi Beverages Company's attendance policy after accumulating excessive points on a progressive system. Defendant denies all remaining allegations of Paragraph No. 22.

23. In response to Paragraph No. 23 of Plaintiff's Complaint, Defendant denies all allegations.

Defendant further denies each and every allegation in the unnumbered "Wherefore" paragraph immediately following Paragraph No. 23, and denies that Plaintiff is entitled to any of the requested relief or damages.

### DEMAND FOR JURY TRIAL

Defendant acknowledges Plaintiff's request for a jury trial, but denies that Defendant committed any unlawful act, and denies that Plaintiff is entitled to the relief sought.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED ARE DENIED.**

### DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they were not presented to the EEOC or FCHR in a timely fashion and to the extent they did not occur within the time

frames prescribed by the FCRA or any other applicable limitations period or are otherwise barred by the FCRA.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with the charge(s) of discrimination filed with any fair employment practices agency authorized to receive such charges.

## THIRD DEFENSE

Defendant has an effective and widely disseminated policy prohibiting discrimination and this policy provides a reasonably available procedure by which Plaintiff could bring complaints and such complaints would be subject to prompt remedial action reasonably calculated to end such alleged discrimination. Defendant used reasonable care to prevent and correct any alleged discrimination and Plaintiff unreasonably failed to take advantage of the preventive and corrective procedures and opportunities provided by Defendant or otherwise avoid alleged actions. To the extent Plaintiff failed to avail himself of these policies, procedures and opportunities, his claims are barred.

## FOURTH DEFENSE

Any employment actions taken by Defendant with respect to Plaintiff were based upon legitimate, non-discriminatory factors other than Plaintiff's race, and, while denying any discrimination, Defendant affirmatively avers that the same employment decision(s) would have been made regardless of any alleged consideration of Plaintiff's race.

## FIFTH DEFENSE

Plaintiff has the duty to mitigate any alleged losses, his entitlement to recovery for which is expressly denied; alternatively, any claim for relief must be set off and/or reduced by wages,

commissions, compensation, pay and benefits, other earnings or remunerations, profits and benefits regardless of form received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff.

### SIXTH DEFENSE

To the extent Defendant discovers that Plaintiff engaged in additional misconduct during his employment with Defendant which, had Defendant discovered such conduct during his employment with Defendant, would have resulted in his termination, any claims for equitable relief are barred or limited accordingly by the after-acquired evidence doctrine.

### SEVENTH DEFENSE

Defendant, at all times material herein, made a good faith effort through its adoption of workplace polices and education of its personnel, to comply with Florida civil rights laws as well as all other state and federal laws.

### EIGHTH DEFENSE

Any act(s) and/or omission(s) of Defendant that may be found to violate the FCRA were not willful, but occurred in good faith and were based upon reasonable factors.

### NINTH DEFENSE

Plaintiff's claims are frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to an award of attorney's fees and costs associated with the defense of this action.

### RESERVATION OF RIGHTS

Defendant hereby gives notice of its intent to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, Defendant New Bern Transport Corporation respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant any such other relief that this Court deems just and proper.

Respectfully submitted,

FORD & HARRISON LLP

By: /s/Shannon L. Kelly
Shannon L. Kelly
Florida Bar No. 646830
skelly@fordharrison.com
Dawn Siler-Nixon
Florida Bar No. 993360
dnixon@fordharrison.com

For the firm
101 East Kennedy Boulevard, Suite 900
Tampa, Florida 33602-5133
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

Attorneys for Defendant New Bern Transport Corporation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2016, I electronically filed the foregoing using the Florida Courts e-Filing Portal system, which will send a notice of electronic filing to:

Jerry Girley, Esq.
phyllis@thegirleylawfirm.com
The Girley Law Firm, P.A.
125 E. Marks Street
Orlando, Florida 32803

/s/Shannon L. Kelly
Attorney

WSACTIVELLP:8345294.1