# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MAURICE ETHRIDGE,

      Plaintiff,

v.                                         Case No:  6:16-cv-1347-Orl-40KRS

NEW BERN TRANSPORT CORP.,

      Defendant.

_____

## ORDER

This cause comes before the Court on Plaintiff's Motion to Remand Matter Back to State Court (Doc. 11), filed August 19, 2016.  On September 2, 2016, Defendant responded in opposition.  (Doc. 22).  Upon consideration, the Court will deny Plaintiff's motion.

## I.   BACKGROUND

Plaintiff initiated this lawsuit against Defendant in state court by filing a complaint alleging state law employment discrimination and retaliation claims.  On July 26, 2016, Defendant removed the action to this Court.  Defendant premises removal on the ground that it recently learned that the amount in controversy exceeds the threshold required for invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiff now moves to remand the case to state court.

## II.   DISCUSSION

Because removal from state court constitutes an infringement upon state sovereignty, the procedural requirements for removal must be strictly construed.  *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001).  When timely

challenged by an opponent, "[t]he burden rests with the removing party to show that it followed the proper removal procedures." *Lazo v. U.S. Airways, Inc.*, No. 08-80391-CIV, 2008 WL 3926430, at *1 (S.D. Fla. Aug. 26, 2008).  All doubts about the propriety of removal must be resolved in favor of remand.  *Russell*, 264 F.3d at 1050.

Plaintiff moves to remand this case on the ground that Defendant did not effect removal within the time required.  To be timely, a defendant must file its notice of removal within thirty days after being served with the plaintiff's initial pleading. 28 U.S.C. § 1446(b)(1).  Alternatively, if the plaintiff's case was not removable when it was initially filed, as is the case here, the defendant must have filed its notice of removal within thirty days after receiving service of any amended pleading, motion, court order, or other paper from which the defendant can ascertain that the case is removable. *Id.* § 1446(b)(3).  The defendant's failure to file its notice of removal within the time required constitutes a procedural defect in removal which warrants remand to state court upon the plaintiff's timely motion to remand.  *See In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997).

Plaintiff asserts that Defendant first learned of its right to remove on June 15, 2016, when Plaintiff's counsel informed Defendant's counsel via email ahead of mediation that Plaintiff intended to seek $500,000 to settle his claims.  Plaintiff reasons that this email between the parties' attorneys constitutes a paper within the meaning of § 1446(b)(3) from which Defendant could divine that the amount in controversy exceeded $75,000, thus rendering the case removable.  Plaintiff therefore concludes that Defendant failed to timely remove this case when Defendant filed its notice of removal forty-one days later on July 26, 2016.

However, without more, an initial demand for settlement generally does not serve as a sufficient basis for ascertaining the amount in controversy. This is because settlement demands frequently involve posturing and puffery by the plaintiff; as a result, the amount demanded "cannot be considered a reliable indicator" of the true amount in controversy. *Piazza v. Ambassador II JV, L.P.*, No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at * 1 (M.D. Fla. July 21, 2010) (citation and internal quotation marks omitted). Only where a demand provides specific information and a reasonable assessment of the damages claimed is it possible for the defendant to ascertain the amount in controversy and rely on the demand to support removal. *See Benandi v. Mediacom Se., LLC*, No. 11-00498-CG-N, 2011 WL 5077403, at *2–3 (S.D. Ala. Sept. 30, 2011), *report and recommendation adopted*, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011).

Here, the two-sentence email sent by Plaintiff's counsel to Defendant's counsel ahead of mediation only states that Plaintiff demanded $500,000 to settle the dispute. The email contains no information on the damages Plaintiff claims or the means by which Plaintiff valuates those damages. Rather, the email is nothing more than a naked demand for $500,000 which Defendant could not reasonably rely on to ascertain the amount in controversy.

It was not until Defendant received Plaintiff's answers to interrogatories that Defendant could ascertain the true amount in controversy. In his interrogatory answers, Plaintiff specifically calculates that Defendant owes him $222,300 in back wages based on the average amount he would have earned per year had Defendant not engaged in the discriminatory and retaliatory employment practices alleged. Defendant received Plaintiff's interrogatory answers on June 27, 2016; as a result, Defendant had thirty days

from the date to effect removal.  Since Defendant filed its notice of removal on July 26, 2016, Defendant's removal was therefore timely.

**III.     CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand Matter Back to State Court (Doc. 11) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 20, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record